GEORGE URQUHART v. SCOTTISH-AMERICAN MORTGAGE
COMPANY.[1]

December 20, 1901.

Nos. 12,744—(103).

### Contract of Agency.

Under an agency contract, wherein the agent was to have a percentage of the gross revenue on loans made for the principal, but to incur the expense of making and collecting the same, with no limit as to the time the agency should continue, and the same was terminated by the principal, as under the facts in this case, *held*:

### Termination—Percentage of Receipts.

1. That, if such agency contract was terminated without cause, the agent would be entitled to receive his percentage upon the gross revenue receipts collected upon all loans such agent had made previous to his discharge, subject to a reasonable deduction for the costs and expenses of making the same.

### Same.

2. If such agency was terminated by the principal upon proper cause or reasonable grounds which justified the principal in preventing the agent from making further collections on the outstanding loans made by him, such agent could recover no percentage upon the gross revenue from the loans subsequently collected.

### Evidence—Verdict.

3. Evidence considered, and *held*, under the procedure at the trial of this case whereby issues were narrowed by the election of counsel to proceed solely upon one claim, the court was justified in directing a verdict for the defendant at the close of plaintiff's case.

Action in the district court for Ramsey county to recover $7,002 commission upon a contract of agency. The case was tried before Otis, J., who directed a verdict in favor of defendant. From a judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Ambrose Tighe*, for appellant.

*George H. Reynolds, M. H. Boutelle* and *N. H. Chase*, for respondent.

[1] Reported in 88 N. W. 264.

LOVELY, J.

Defendant is a foreign corporation engaged in making farm loans in this state. Plaintiff was its general agent in specified territory from January 30, 1893, until July 1, 1895, at which time such agency was terminated by defendant. This action is brought to recover plaintiff's compensation upon a contract wherein, as alleged in the complaint, he was to have "fifteen per cent. out of the gross revenue collections on the loans made for the defendant." Plaintiff made collections during the progress of the agency, before its termination, but a very large proportion of the revenue upon such loans was not collected at the time of his discharge, but has all been received subsequently. There were many allegations in the pleadings which it is unnecessary to notice; for by the course of procedure at the trial the controversy was confined to the agent's rights under the contract as alleged, upon the claim that it had been executed.

The case was tried to the court and a jury. At the close of plaintiff's evidence, a motion was made by defendant to direct a verdict in its behalf. This was granted. A motion for a new trial was made and overruled. Judgment was entered upon the verdict, from which plaintiff appeals.

To compress the issues presented by the evidence within as brief a space as is consistent with an intelligible statement of the same, it may be said that the agency was created by a letter in which defendant's secretary wrote plaintiff as follows:

"With regard to your remuneration, my directors desire that the terms shall be 15 per cent. out of your gross revenue collections."

The secretary also informed plaintiff in the letter that he would "prepare a memorandum of regulations," and hoped to send them by an early mail. An important modification of this very terse provision for the remuneration of plaintiff is contained in regulation numbered 20, which was subsequently forwarded as above promised, and must, under the concessions in this case, be construed in connection therewith. It is as follows:

"The agent's remuneration to be a commission on gross revenue collections at a rate to be arranged with the directors. This re-

muneration to cover the agent's trouble in making loans, collecting interest as it falls due, and also the principal sum when it falls due, remitting of both principal and interest to the company's bankers in New York, and also the supervision of loans during their continuance, and looking after insurance, taxes, etc., all office and other expenses being also covered by this remuneration."

Other regulations do not conflict with the duties of the agent in the letter above quoted, but contain provisions with reference to the details of the business, which need not be referred to further. Plaintiff within reasonable time answered defendant's letter commenting on the previous business of defendant, and adding with reference to the proposition above referred to as follows:

"I have carefully noted your remarks as to the conduct of the business, and my commissions therefor, as set forth in the latter part of your letter, and to these instructions there can be no possible objections on my part."

At the opening of the trial, plaintiff, on motion of defendant, was required to elect whether he would insist upon his claim under the contract as set forth in this complaint or upon other grounds therein alleged. The plaintiff properly notified the defendant and the court that he would rely solely upon his contract. At the close of plaintiff's case, upon a request from defendant for a directed verdict, he again insisted that, by the contract as set forth in the letter which he relied upon, he was entitled to fifteen per cent. on the gross revenue on all loans made by him, which had then all been collected. This is his theory on appeal. Defendant insists that plaintiff's right was limited to the gross revenue collected up to the time the contract was terminated. The court adopted neither view, but directed a verdict in favor of defendant.

We are quite clear that, through the course adopted by counsel at the trial, the question disposed of by the verdict was practically one of law, viz.: That, without evidence of grounds for the termination of the agency or expenses of making collections, plaintiff was not entitled to recover a percentage on all loans made by him, without reference to his duties under "regulation 20." As the issues were made up and tried, the defendant could not show that there was justification for the termination of the contract, nor

did the plaintiff, on the other hand, attempt to show what the expenses of compliance with the provisions of regulation numbered 20 were, so far as it affected the uncollected revenue upon the loans on which he claimed a further percentage. Upon the question so presented, we think the trial court could do nothing else than direct a verdict for the defendant. The requirements in regulation No. 20 must be regarded as a part of the contract. No period for the termination of the contract having been provided for by the parties, it must be conceded that either could terminate it, but could not, without cause, do so to the detriment of the other party, so as to deprive either of accrued rights.

We have already stated generally the contentions of each party on the trial. We think neither is sustainable. It would be inequitable and unjust to hold that defendant could terminate the contract at its mere whim and pleasure, after the plaintiff had secured a large number of loans, in which he may have incurred expenses, and might have received very little, or possibly no, revenue thereon, because none of them had become due, and thus deprive plaintiff of all interest in the percentage accruing on their collection. And it would be equally as unjust for the plaintiff to terminate the contract, and secure, without reference to his own duty to aid in making the collection, an income upon all loans made, when such revenue should be paid in.

Clearly, if the plaintiff secured loans for the defendant, he was entitled as compensation to the percentage therein specified, and would not be deprived of the same by any unjustifiable act of defendant. In that case he would still be entitled to his percentage on the entire loans made by him, subject, nevertheless, to reasonable and proper deductions for expenses contemplated within the terms of regulation No. 20, which must be equitably estimated in consideration of the advantages of the situation of which he had been deprived. On the other hand, if there was cause for the termination of the contract that justified the principal in determining that its agent should not be trusted further with its business for the reason that his acts made it improper for him to complete the unfinished collections, which presents a question of fact, then the common-law rule would apply, which authorizes the

discharge of an agent at any time for sufficient cause (Mechem, Ag. § 214), in which case he could recover nothing.

The judgment of the trial court is affirmed.